106 F.3d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Diana J. BOGDANOFF, Petitioner-Appellant,
v.
Teena FARMON, Warden; James Gomez, Head of the Department
of Corrections, Respondents-Appellees.
 No. 96-55714.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 23, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Diana Bogdanoff, a California state prisoner presently incarcerated in Washington state, appeals pro se the district court's denial of her 28 U.S.C. § 2254 habeas petition challenging her first degree murder conviction. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's decision on a section 2254 petition, Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996), and we affirm.
 
 
 3
 Bogdanoff contends that she is entitled to habeas relief because the California trial court violated her due process rights by refusing to give instructions on the lesser included offense of voluntary manslaughter. This contention lacks merit because the "failure of a state court to instruct on a lesser offense fails to present a federal constitutional question and will not be considered in a federal habeas corpus proceeding." See Bashor v. Risley, 730 F.2d 1228, 1240 (9th Cir.1984) (internal quotations omitted); see also Turner v. Marshall, 63 F.3d 807, 818-19 (9th Cir.1995).
 
 
 4
 Bogdanoff next contends the trial court was obligated to instruct the jury on voluntary manslaughter on the grounds that it was her defense theory and the evidence supported it. This contention lacks merit.
 
 
 5
 The denial of adequate instructions on a defendant's theory of defense may provide a basis for habeas relief where "the error rendered the trial so fundamentally unfair as to deny due process." See Hendricks v. Vasquez, 974 F.2d 1099, 1107 (9th Cir.1992). Under California law, a trial judge need not give a requested instruction when the evidence does not substantially support the request. See id. (citing People v. Flannel, 603 P.2d 1 (Cal.1979)).
 
 
 6
 The district court properly rejected Bogdanoff's claim of instructional error as there was no evidence from which the jury could have concluded that Bogdanoff was guilty of manslaughter. Bogdanoff was charged in the information as an aider and abettor to murder. Thus, her liability, if any, was derivative; it depended on the triggerman's state of mind. See People v. Padilla, 906 P.2d 388, 404 (Cal.1995), cert. denied, 117 S.Ct. 107 (1996). At Bogdanoff's trial, Brian Stafford, the triggerman, testified that he pled guilty to first degree murder. Therefore, the evidence before the jury was such that defendant, if guilty at all, was guilty of aiding and abetting first degree murder. Id. at 404. Accordingly, the trial court's failure to instruct on voluntary manslaughter did not render Bogdanoff's trial fundamentally unfair. See Bashor, 730 F.2d at 1240; see also Hendricks, 974 F.2d at 1107. The district court's judgment is therefore
 
 
 7
 AFFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3